Case No. 16-5235 Washington Alliance of Technology Workers Appellant v. United States Department of Homeland Security Mr. Miano for the Appellant, Mr. Press for the Affiliate Mr. Miano, good morning May it please the Court, I'm John Miano, I represent the Washington Alliance of Technology Workers This is the second appeal to you, which is likely to be several in this matter I see Judge Kavanaugh is cringing at this prospect No, no Here we're dealing with the fee award under the Equal Access to Justice Act The district court held that we were a prevailing party entitled to a fee However, the district court reduced the fee by 91%, which didn't leave much of a fee I think we have the dubious distinction now of setting the record for the greatest percentage reduction in the fee award Well, you didn't have much of a win That was the reason you don't have much of a fee Well, Your Honor, I think the actual outcome of what should have been a win You don't use the catalyst theory, do you? No, Your Honor All right, well But here I think we have three major disagreements with the district court The first is that the district court disallowed fees for all activities after its initial opinion This is contrary to the Supreme Court's directive in Commissioner Linus v. John that fee awards were supposed to cover the entire litigation The second major dispute is that the district court reduced fees for issues where there was no decision made by the courts Well, that reduced fees for matters where there was no decision made The other way of saying it is that it did not award fees for those matters where there was no decision made by the courts You seem to proceed in your argument I don't blame you, Your Honor You seem to proceed in your argument as if you start out with a right to what you have a position for and that the court has to justify reducing it In the first instance, you have to justify getting it, don't you? You're correct, Your Honor And I would also say that's the language the Supreme Court uses that the failure to reach an outcome is not a basis to reduce a fee That's the wording the Supreme Court uses And the district court's major reduction was because the district court had ruled that this regulation in question was within the authority of DHS and this court vacated that decision to allow it to be pursued in subsequent litigation And the last major issue of disagreement really is the scope of the victory Here, we achieved that to set aside a rule for failure to give notice and comment in which the circumstances were quite unusual You and this court have said that that is a fundamental flaw that normally requires vacater of the rule Yet the district court has characterized that as a marginal victory It depends on theory, I guess And the thing I'm struggling with for both parties here is how you distinguish separate claims from separate legal theories If you have separate claims, one successful and one not, that doesn't count Right, Your Honor Well, here's the way I would put it We had two groups of causes of action One group were procedural defects in the rulemaking There, we unquestionably prevailed Now, under the statute of 5 U.S.C. 706, the remedy for that is to set aside the rule The other groups of causes of action we had were that the rule was in excess of DHS authority The remedy for that is to set aside the rule It's the exact same thing So, the Supreme Court said that litigants in good faith may raise alternate legal grounds for desired outcome which is here, is to set aside the rule And the court's rejection or failure to reach certain grounds is not a reason for producing a fee So, the real question here, which has never been asked, is whether what we did was reasonable Well, it's the vacator that you won is not as good as the vacator you would have won had it been in excess of statutory authority That's the, I think, the theory the government has And I'm not sure that works, but I'm trying to figure out how we assess that Is one kind of vacator better than another kind of vacator? Well, this goes back to the proposition that was on appeal is that we disagreed with the kind of vacator the district court gave where the district court simply said, okay, we're going to stay it, but we're going to delay the stay so you can just do what you did, but just do that little notice and comment thing afterwards And then when DHS didn't do it within that time period, the court extended it again which, while in theory, this court has jurisdiction and not the district court And so, the movement of this case was the result of issues that we had appealed to this court So, our great frustration here is that we appeal all these issues to you where we had these, which the district court based its reduction We raised all these issues to you, and we've gotten no decision here And I would point out, this is an issue here, I think it's a fairly simple question Does DHS have the authority to allow aliens on student visa status to remain in full-time employment for years after graduation? And realize that this has been before the federal courts for nine years now Three trips and no decision You have to imagine our frustration here And your theory is you might have won on that in our court last trip, but for it getting mooted out I believe so, your honor Well, I'm still stuck on the claims legal theories thing, but I think I have to ask the government then Alright, Mr. Press Thank you, your honor Good morning, may I please support Joshua Press on behalf of the Department of Homeland Security With me at the table is my co-counsel, Gwyn Gertari Your honors, this is really a simple appeal We're here on a simple issue, and that's whether Judge Uvell's fee award She did award fees to Washtec, was an abuse of discretion That's a relatively deferential standard And we do not disagree with any part of her discretionary reduction in their fee request We're talking about nearly half a million dollars of requesting for fees Some of which, if you look at their itemization Some of the work that was done, that they're asking for fee awards We're done approximately four to five years before they even filed a complaint We think under such circumstances that Judge Uvell's reduction is perfectly appropriate What you do, and the Supreme Court has said Litigants in good faith may raise alternative legal grounds for a desired outcome And the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee The result is what matters Now that's from Hensley And their argument is we raised alternative legal grounds to get the rule vacated And the court vacated the rule And the fact that the alternative legal grounds were rejected or not reached To use the Supreme Court's words, is not a sufficient reason for reducing a fee How do you respond to that? Well, thank you for that, because that is a good question on the circumstances of this case If you recall, Mr. Miyato mentioned how this case was nine years in the making If you actually look at the scope of that, what he's referring to is this prior case in the Third Circuit Challenging F-1 student visas entirely This is an essential scheme of theirs, or a campaign of theirs To essentially never have foreign students work in the United States Well, there's nothing wrong with them suing Oh, no, I don't quibble with that point The main point I'm trying to make is that they're trying to entirely strike that part of the regulatory scheme down Something that's been in effect since 1947, essentially They're only entitled under Hensley to fees, reasonable fees, for what they prevailed upon Not what they request, sort of as what Judge Sentelle was mentioning in terms of their flipping the script here The point of Hensley is that a fee award, even to a prevailing party, has to be tied to the parts of the case in which they actually won The only parts that they actually won, as Judge Henderson mentioned, was in the notice and comment claim But that got the rule vacated Yes, it got the 2008 rule vacated And if they had won on the statutory authority claim, they would have got the rule vacated Well, had they done other things that they could have been successful, that is true Instead, they only managed to get the notice and comment issue But you agree with me, if they had won on the other ground, the only relief would have been to vacate the rule Well, that's getting to the 2008 rule alone They also challenged the 1992 rule, and they lost on that The point of Hensley, as you were mentioning, is to essentially deter shotgun effect complaints And although they have not been deterred by that, that is not... Well, calling it names does not answer the question as to... The Supreme Court has said that parties can, in good faith, raise alternate theories And that they're not necessarily going to be reduced in fee because of doing so And I'm not really hearing you come to grips with that approach Well, my point is that they've never won on those alternate theories And in fact, they renewed those alternate theories very soon after this case was mooted earlier by this court And they lost on those alternate theories yesterday by Judge Wall I'm sure we'll be back here in six months from now again talking about that appeal They're only entitled to what they have actually prevailed What do you say about the part of the judge's order where she cut off the date And no award will be made after the date of the... You're referring to August 12th, 2015 Well, I think that was based on her sound judgment to the extent that they never won anything after August 12th, 2015 The only issue they've won on in nine years of litigation is the notice and comment claim And they never won anything after her opinion of August 12th, 2015 Now, you seem to be greatly diminishing the victory for notice and comment The right to comment on rules that govern regulated entities is a valuable right Yes And the agency seems to have run a rather rough shot over the notice and comment requirement I guess it's a pretty worthwhile victory to get what they got here It may be that in the end they don't like the rule we came out of it But they at least felt the right to participate in it Isn't that a pretty special victory? Well, we agree with Your Honor that this went under the bridge at this point To the extent that they won on the notice and comment claim We do still believe that our position was substantially justified You're wrong You didn't cross appeal on that? No, we did not You had a decent argument on that, but you didn't raise that Right, well, that's essentially because we didn't want to trouble this matter Or keep this case in further litigation We have had enough litigation in this case or on these rules And we're going to be back again talking about the same things all over again But our fundamental argument is simply that they only prevailed on one part of their nine claims Well, let me try again on this because I need help In Anthony v. Sullivan, which is cited in the briefs, that's our case It says something very similar to Hensley I'm just going to read it and then ask you how I'm supposed to decipher this It says, even though the district court generally has wide discretion in calculating an appropriate fee No fee may be granted for work done on claims on which the party did not prevail So far, so good for you But then it says, unless the unsuccessful claims were submitted as alternative grounds For a successful outcome that the plaintiff did actually achieve Sure I think the way that I read And the unless clause is a problem for you Yes, and the way that we read that is that this is essentially cumulative The plaintiffs in this case and the plaintiffs in the Third Circuit case They keep building up in terms of trying to knock down as much of the F-1 student visa process as they can From Sullivan, the same case, it says Hensley says loud and clear that when a party has obtained no favorable results in a particular aspect of litigation For example, here, the 1992 OPT rule That party may receive no fee for work on that part of the case And that's a simple argument And we subscribe to this Court's opinion in Sullivan We believe that it actually supports us Despite that clause that people would act Now suppose you were challenged to the constitutionality of a statute And you had a First Amendment argument and a Fourteenth Amendment argument Sure And you win on the First Amendment argument and you lose on the Fourteenth Amendment argument And the statute is held unconstitutional Do you get all your fees? Well, that's I'm afraid I'd have to know more about the particular statute that's being challenged Typically, I think something that would be violative of the First Amendment Would probably be violative of the Fourteenth Amendment if we're talking about state statutes An equal protection argument and a First Amendment free speech argument I don't think that you would be entitled to get all of the fees that you're requesting So, for example, the research that you're talking about with respect to equal protection claims You would not get that? You would not get that to the extent that those theories were rejected But the main point there is that the research How do you square that with the language that says If you All the plaintiffs wanted to do in the hypo is to get the statute declared unconstitutional And achieve that Here, all they wanted to do was get the rule vacated And they achieved that But it wasn't just the rule, it wasn't just the 2008 Right, okay What they're trying to do here is they're trying to get the entire F-1 student visa process shut down They want it eliminated entirely They've never gotten anything further than the notice and comment claim So in your hypothetical, if you're analogizing to what we have in this case That would be tantamount to getting everything No student, no foreign student could ever work in the United States That would be equivalent to what your hypothetical is saying And they are very far from that hypothetical at this point If there are no further questions All right, thank you Thank you How much time does Mr. Indiano have? Now we have three minutes to go Okay I just have three points First of all, we seem to be lost on Hensley here Hensley sets up three situations The first is whether the claims are separable And if they're separable, then you can chop them up and delegate fees Here, the district court even held that the claims were inseparable So in those cases, when we get to the second case The question is whether the fee is reasonable And this is one of the problems we've had Essentially, all the fee objections here have been raised to respond to So we're essentially responding to these fee reduction requests For the first time before you And no one has asked us Is what you requested reasonable to get the outcome that we got? And if you did, I would justify that The one part that our counsel here raised Was that years of preparation before I think that we spent a quarter of a million dollars on standing alone in this case I think that that's absurd But it had to be done If we were raising salaries It's a question One of the problems that we have in bringing these cases Is that the law of standing has its own benefits But in addition, we have the problem that new rules of standing just pop up Just pop up brand new And so we're essentially forced to do this overwhelming nuclear option Of collecting job advertisements for years in advance Mapping them to the jobs that our clients apply to Now, under the standard of this court A rule that allows competition causes an injury In fact, that shouldn't be necessary But the reality is that in the world of the district courts It does turn out to be necessary What do you do with government's point about the 1992 aspect of the case? Well, you know, it's rather insignificant But I would also add that's something we appealed to you And got no decision on So we're being penalized by non-decisions I mean, I quite honestly believe at the end of the day That this court is not going to hold That the person three years after graduation Working full-time as a student So your point is that 1992 Even if you didn't prevail on the 1992 aspect That shouldn't matter? It shouldn't really matter Explain that some more Well, it's the exact same thing This is where one of our disputes with the district court was on appeal Is that the district court dismissed our counts Related to the 1992 rule Because of standards They said there was no injury on that But you had to work on the 1992 rule To work on the 2008 rule So it's inconceivable to me How you could not be injured by the 1992 rule If you're injured by the 1998 rule We appealed to you that question And again, got no decision here  All right, thank you Thank you, Your Honor Thank you
judges: Henderson, Kavanaugh, Sentelle